IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

2012 OCT 26  PM 3: 39

J & J SPORTS PRODUCTIONS, INC.                Civil Action No. _____

Plaintiff,

v.                                            COMPLAINT

J J AMP, INCORPORATED
d/b/a THE FLEETWOOD                           12 CV 8000
and JOSEPH TANOILLO

Defendants,
                                              JUDGE BRICCETTI
SERVE ON:

J.J. Amp Incorporated           Joseph Tanoillo
d/b/a The Fleetwood             c/o The Fleetwood
708 Locust Street               708 Locust Street
Mount Vernon, NY 10552          Mount Vernon, NY 10552

Joseph Tanoillo
708 Coeusa Street
Mt. Vernon, NY 10552

Plaintiff, J&J Sports Productions, Inc., by and through its undersigned counsel, Paul J. Hooten & Associates, complains of the defendants, J.J. Amp Incorporated d/b/a The Fleetwood and Joseph Tanoillo alleges as follows:

### Jurisdiction

1.   This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C. §§ 605 and 553.

2.   Jurisdiction in this Court is proper under 28 U.S.C. §1331 and 47 U.S.C. §§ 605 and 553.

3.   Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

1

## Parties

4.  At all times hereinafter mentioned, plaintiff, J&J Sports Productions, Inc. was and is a corporation organized and existing under the laws of the State of California, with its principal office and place of business located in San Jose, California.

5.  Upon information and belief the defendant J.J. Amp Incorporated is a corporation duly organized under the laws of the State of New York, and authorized to transacting business as "The Fleetwood" from its principal place of business located at 708 Locust St., Mount Vernon, New York.

6.  Defendants J.J. Amp Incorporated d/b/a The Fleetwood and Joseph Tanoillo are hereinafter `collectively referred to as "Defendants."

## Preliminary Background

7.  Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the May 7, 2011 boxing match between Manny Pacquiao and Shane Mosley, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout New York and other geographic locales (the "License Agreement").  Plaintiff paid substantial fees for its exclusive rights to exhibit the Event under the License Agreement.

8.  Plaintiff entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout the New York area.

9.  The closed-circuit broadcast of the Event was not intended for the use of the general public. In New York, the closed-circuit broadcast of the Event could only be exhibited in a commercial

establishment if said establishment was contractually authorized to do so by J&J Sports Productions, Inc.

10. Pursuant to the License Agreement, J&J Sports Productions, Inc. marketed and distributed the closed-circuit rights granted to it. J&J Sports Productions, Inc. contracted with various establishments throughout New York and granted to such establishments the right to broadcast the Event in exchange for a fee.

11. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12. The transmission of the Event was available to the defendants to purchase for broadcast in J.J. Amp Incorporated d/b/a The Fleetwood. Had they done so, they would have been authorized to receive, transmit and publish the Event in J.J. Amp Incorporated d/b/a The Fleetwood. Defendants did not, however, contract with J&J Sports Productions, Inc. to obtain the rights to broadcast the Event.

13. The establishments which contracted with J&J Sports Productions, Inc. to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

14. On May 7, 2011 in violation of J&J Sports Productions, Inc.'s rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within J.J. Amp Incorporated d/b/a The Fleetwood.

15. The Defendants misappropriated J&J Sports Productions, Inc. licensed exhibition of the Event and infringed upon J&J Sports Productions, Inc. exclusive rights while avoiding proper payment to J&J Sports Productions, Inc. Defendants' purpose and express intent in committing their unlawful actions was to secure a financial gain and commercial advantage.

16. The Defendants enabled the patrons within J.J. Amp Incorporated d/b/a The Fleetwood to view the Event to which neither the Defendants nor the patrons were entitled.

17. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by J&J Sports Productions, Inc.

18. The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

19. Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to J&J Sports Productions, Inc.

## COUNT I
## VIOLATION OF 47 U.S.C. §605(e)(3)(C)(i)(II)

20. Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

21. The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of

4

such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

22. The Defendants' wrongful actions in connection with the Event were in violation of the Statute.

23. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication ..." may bring a private cause of action against one who acts in violation of the Statute.

24. Moreover, Section 605(e)(3)(C)(i)(II) provides that "the party aggrieved may recover an award of statutory damages for each violation of subsec. (a) involved in the action in a sum of not less than $ 1,000 or more than $ 10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $ 10,000, or more than $ 100,000, as the court considers just."

25. By virtue of the License Agreement, J&J Sports Productions, Inc. maintained proprietary rights in the intercepted communication of the Event. Therefore, J&J Sports Productions, Inc. is an aggrieved person and is entitled to recover damages from the Defendants for their violations of the Statute and their interference with J&J Sports Productions, Inc. proprietary rights.

26. Because of its contractual rights and obligations with regard to distribution of the Event, J&J Sports Productions, Inc. had an important economic interest in protecting the integrity of the communication of the Event. As a direct and proximate result of the Defendants' acts, J&J Sports Productions, Inc. has lost the revenue which would have been derived from the delivery and exhibition of the Event to J.J. Amp Incorporated d/b/a The Fleetwood and its patrons, causing substantial and irreparable harm, including, but not limited to, a loss of revenue and profits, damage

5

to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its right and ability to control and receive fees for the reception of the Event. Further, J&J Sports Productions, Inc. has also suffered an unquantifiable loss of future business in those persons who will not patronize J&J Sports Productions, Inc., subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as J.J. Amp Incorporated d/b/a The Fleetwood.

27. Because of Defendants' wrongful actions, J&J Sports Productions, Inc. is entitled to collect from the Defendants statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II).

28. Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $10,000.00.

## COUNT II
## VIOLATION OF 47 U.S.C. §605(e)(3)(C)(i)(II)

29. Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

30. As previously mentioned, Section 605(e)(3)(C)(i)(II) provides that "the party aggrieved may recover an award of statutory damages … for each violation of **paragraph (4)** of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just."

31. Moreover, Section 605(e)(4) provides that "Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or

6

is intended for any other activity prohibited by subsection (a), shall be fined not more than $ 500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both. For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation."

32. Based on information and belief the Defendants herein modified electronic, mechanical and/or another device to intercept electronic decoding equipment and satellite coordinates that was explicitly provided to the Plaintiff.

33. Upon information and belief, the Defendants effected such interception or receipt of the Events through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations, or by such other means unknown to J&J Sports Productions, Inc. and known only to Defendant.

34. As a result of the foregoing, Defendant is in violation of Section 605(e)(4) and as such Plaintiff is entitled to the maximum amount of damages of $100,000.00 under Section 605(e)(3)(C)(i)(II).

35. Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $100,000.00.

## COUNT III
## VIOLATION OF 47 U.S.C. §605(e)(3)(C)(ii)

36. Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

37. Section 605(e)(3)(C)(i)(II) provides that "In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or

private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a)."

38. The actions by the Defendants herein were in fact willful and for a direct commercial purpose and to seek private financial gain. Accordingly the Plaintiff is entitled to recover of the Defendants the maximum statutory damages of $100,000.00 for this willful violation.

39. Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $100,000.00.

## COUNT IV
## VIOLATION OF 47 U.S.C. §605(e)(3)(B)(iii)

40. Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

41. Section 605(e)(3)(B)(iii) provides that "The Court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails," under this statute.

42. Accordingly, based on the Defendant's willful violation of 47 U.S.C. §605 Plaintiff is entitled to recover for its full attorney's fees as well as costs in this action, which will be determined at the time of any potential Judgment.

43. Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of its full attorney's fees as well as costs in this action.

## COUNT V
## VIOLATION OF 47 U.S.C. §553(c)(3)(A)(ii)

44. Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

45. Section 553(a)(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to

do so by a cable operator or as may otherwise be specifically authorized by law."

46. Section 553 (c)(3)(A)(ii) provides further that "the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $ 250 or more than $ 10,000 as the court considers just."

47. Upon information and belief, in violation of 47 U.S.C. §553, the Defendants, illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized interception or receipt of the Event.

48. As previously mentioned, based upon information and belief, the Defendants effected such interception or receipt of the Events through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations, or by such other means unknown to J&J Sports Productions, Inc. and known only to Defendant.

49. J&J Sports Productions, Inc. is a person aggrieved by the Defendants' violations of 47 U.S.C. §553 and is authorized to institute this action against the Defendant pursuant to §553.

50. Defendants' violations of 47 U.S.C. §553 have injured and will continue to injure J&J Sports Productions, Inc.'s ability to market future pay-per-view products and to maximize the revenues which it seeks to derive from its telecasts, in that J&J Sports Productions, Inc. has been deprived of the benefit of subscribers to the Events and has suffered injury to its goodwill and reputation. As a further result of such violations, Defendants have gained and will continue to gain unjust profits and undeserved goodwill.

51. Unless restrained by this Court, the Defendants will continue to receive, intercept, transmit and exhibit J&J Sports Productions, Inc. programming illegally and without authorization in


Case 7:12-cv-08000-VB

violation of 47 U.S.C. §553. The Defendants intercepted, received and publicly exhibited J&J Sports Productions, Inc. telecast of the Event without authorization, on at least one occasion, and J&J Sports Productions, Inc. cannot practicably detect or determine each occasion on which Defendants have intercepted, received and publicly exhibited the Event or other J&J Sports Productions, Inc. programming.

52. All conditions precedent to J&J Sports Productions, Inc. right to bring this action have been performed or have otherwise occurred.

53. Because of Defendants' wrongful actions, J&J Sports Productions, Inc. is entitled to collect from the Defendants statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §553(c)(3)(A)(ii).

54. Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $10,000.00.

## COUNT VI
## VIOLATION OF 47 U.S.C. §553(c)(3)(B)

55. Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

56. Section 553(c)(3)(B) provides that "In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $ 50,000."

57. Defendants' violations of 47 U.S.C. §553 were committed willfully and for purposes of commercial advantage and private financial gain.

58. Accordingly the Plaintiff is entitled to recover of the Defendants the maximum statutory

damages of $50,000.00 for this willful violation.

59. Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $50,000.00.

## COUNT VII
## VIOLATION OF 47 U.S.C. §553(c)(2)(C)

60. Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

61. Section 553(c)(2)(C) provides that "The Court may direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails," under this statute.

62. Accordingly, based on the Defendant's willful violation of 47 U.S.C. §553 Plaintiff is entitled to recover for its full attorney's fees as well as costs in this action, which will be determined at the time of any potential Judgment.

63. Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of its full attorney's fees as well as costs in this action.

WHEREFORE, the Plaintiff, J&J Sports Productions, Inc. prays this Court grant judgment against Defendants J.J. Amp Incorporated d/b/a The Fleetwood and Joseph Tanoillo, as follows:

   A. In the first cause of action, in the sum of $10,000.00 pursuant to 47 U.S. §605(e)(3)(C)(i)(II);

   B. In the second cause of action, in the sum of $100,000.00 pursuant to 47 U.S. §605(e)(3)(C)(i)(II);

   C. In the third cause of action, in the sum of $100,000.00 pursuant to 47 U.S. §605(e)(3)(C)(ii);

D.     In the fourth cause of action, in the sum of Plaintiff's attorneys fees and costs pursuant to 47 U.S. §605(e)(3)(B)(iii);

E.     In the fifth cause of action, in the sum of $10,000.00 pursuant to 47 U.S. §553(c)(3)(A)(ii);

F.     In the sixth cause of action, in the sum of $50,000.00 pursuant to 47 U.S. §553(c)(3)(B);

G.     In the seventh cause of action, in the sum of Plaintiff's attorneys fees and costs pursuant to 47 U.S. §553(c)(2)(C);

H.     Each together with the costs, fees, and interest as set forth herein; and

I.     for such other and further relief as to this Court may appear just and proper.

BY: _____
Paul J. Hooten & Associates
Attorney for Plaintiff
5505 Nesconset Hwy., Suite 203
Mt. Sinai, New York 11766
(631)331-0547

12